**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MOLLY GASTON,
120 Hesketh Street
Chevy Chase, MD 20815

*Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

*Defendant*.

Case No. 26-cv-

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Molly Gaston brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1), as Plaintiff is a citizen and resident of the State of Maryland, within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

3. Plaintiff Molly Gaston is a resident of Chevy Chase in the State of Maryland.

4. Plaintiff has conducted research regarding, and publicly advocated for, countering corruption. This includes publishing essays and, relevant here, submitting public record requests to the Department of Justice.

5. Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, DC. The Executive Office of U.S. Attorneys ("EOUSA") and the Criminal Division ("CRM") are components of DOJ. DOJ is in possession, custody, and control of records, and to which Plaintiff seeks access.

**Plaintiff's FOIA Requests**

6. DOJ has long treated the investigation and prosecution of public corruption as an important federal law-enforcement responsibility. CRM's Public Integrity Section ("PIN"), created in 1976, oversees the federal effort to combat corruption and investigates and prosecutes public-corruption offenses, while working in partnership with U.S. Attorneys' Offices nationwide and providing advice and expertise on public-corruption matters.[1]

7. DOJ has also for decades collected nationwide public corruption enforcement data from U.S. Attorneys' Offices and reported on trends in federal public corruption enforcement.[2]

8. Recent reporting, however, has described significant changes in the Department's approach to public-corruption enforcement, including changes in personnel, prosecutions, and enforcement policy.[3]

---

[1] U.S. Dep't of Just., *About the Public Integrity Section* (updated Aug. 11, 2023),https://perma.cc/GJ4E-DYRT.

[2] *See* U.S. Dep't of Just., Public Integrity Section, *Annual Reports* (updated Jan. 15, 2025),https://perma.cc/9THS-5YNL; U.S. Dep't of Just., Public Integrity Section, *Report to Congress on the Activities and Operations of the Public Integrity Section* (1989), at 26, available at https://perma.cc/N3TP-Z6CE.

[3] *See e.g.,* Ken Dilanian, *Firings, pardons and policy changes have gutted DOJ anti-corruption efforts, experts say*, NBC News (updated June 3, 2025),https://perma.cc/XD7P-PH3C; Ken B. Morales & David Armstrong, *Trump's Justice Department Dropped 23,000 Criminal*

9. To shed light on DOJ's public corruption work, Plaintiff filed the following FOIA requests:

*EOUSA Official Corruption Cases Request (EOUSA-2026-000998)*

10. On December 17, 2025, Plaintiff, alongside a fellow researcher, sent a FOIA request to EOUSA seeking the following:

> We request that EOUSA produce electronic Excel spreadsheets tabulating data collected on all cases categorized as Official Corruption charged by USAOs from 2015 to present—the "Requested Agency Records." We request that the spreadsheets, which we understand can be generated automatically from the EOUSA dashboard, include all reported data, including but not limited to the jurisdiction, defendants, statutes charged, final disposition, sentence imposed, and dates of initiation and closing. We also request that the spreadsheets include the subcategory of Official Corruption, such as Local/State, Federal, Law Enforcement, etc.

11. The request clarified

> To help you locate and identify the records we seek, we provide on information and belief the following information. When USAOs charge cases, they are required to report data to EOUSA through a program called CaseView, including the name of the defendants, the statutes charged, the date of indictment or complaint, the investigating agency, and the case category (such as Official Corruption, Civil Rights, Violent Crime, etc.). CaseView tracks the cases from initiation to completion, through either reporting by USAOs or coordination with the U.S. Court's Electronic Case Filing system—or both. The data are synthesized into a database available to USAOs through an EOUSA dashboard. One of the dashboard's features is the ability to tabulate the data in an Excel spreadsheet.

12. This request sought records from 2015 to present.

13. On July 29, 2026, EOUSA responded to this request, producing a native file with one tab for each year from 2015-2026. EOUSA's cover letter stated, "This file does not include

---

*Investigations in Shift to Immigration,* ProPublica (Mar. 31, 2026), https://perma.cc/2YGS-R8JC; Michael S. Schmidt *et al*, *Depleted and Distracted, Justice Dept. Staff Fear Losing Focus on Potential Threats*, N.Y Times (Jan. 7, 2026),https://perma.cc/6JD7-8CZ6.

defendant names, the omission of which is done pursuant to FOIA Exemptions b6 and b7C. Your request sought data for charged cases, which would then include not only individuals who were adjudged guilty, but also those found innocent, not guilty, and those who may have appealed their guilt." A copy of EOUSA's response letter is attached as Ex. 1.

14. On October 1, 2026, Plaintiff appealed this response, arguing that defendant names in publicly charged cases are already public and there is a substantial public interest in disclosure of meaningful data reflecting DOJ's public corruption cases over the course of time. A copy of Plaintiff's appeal is attached as Ex. 2.

15. On October 1, 2026, Plaintiff received an acknowledgement of the appeal, and it was assigned tracking number A-2027-00005. Plaintiff has not received a determination responsive to this appeal.

16. On October 20, 2026, Plaintiff sent a follow-up letter to appeal A-2027-00005 to both DOJ's Office of Information Policy and EOUSA with additional information regarding the public interest in the requested information and the nature of the greatly diminished privacy interests implicated. A copy of Plaintiff's letter is attached as Ex. 3.

*CRM Annual Public Corruption Questionnaires Request (080420257064)*

17. On December 16, 2025, Plaintiff, alongside a fellow researcher, sent a FOIA request to CRM seeking the following:

> All Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section by U.S. Attorney's Offices from 1978 to present (the "Requested Agency Records").

18. The request clarified:

> To help you locate and identify the Requested Agency Records, we provide under information and belief the following information. The Requested Agency Records are maintained by the U.S. Department of Justice Criminal Division's Public Integrity Section

> (PIN). Under the Ethics in Government Act, since 1978 PIN has submitted an annual "Report to Congress on the Activities and Operations of the Public Integrity Section," which reports nationwide statistics on federal public corruption prosecutions and other information. Copies of the annual reports are publicly available through 2023 at https://www.justice.gov/criminal/criminal-pin/annual-reports.
>
> To prepare the annual report, including to assemble the nationwide statistics, PIN collects each year from the U.S. Attorney's Offices a Public Corruption Questionnaire, on which offices report to PIN information about their public corruption prosecutions. That information consists of case captions, statutes prosecuted, categories of corruption (i.e., state, local, federal, military, etc.), and other information, and is summarized in PIN's annual report to Congress. For more than a decade, PIN has collected the questionnaires from U.S. Attorney's Office by email and stores them electronically on a network drive; the email is typically directed from PIN to U.S. Attorney's Office Criminal Chiefs and/or Public Corruption Chiefs. We seek copies of the completed questionnaires returned to PIN—the Requested Agency Records—from 1978 to present, with a priority placed on obtaining records from the past decade, 2015 to present.

19. This request sought records from 1978 to present, with a priority placed on obtaining records from the past decade, 2015 to present.

20. On August 13, 2026, CRM responded to this request stating CRM had reviewed 831 records responsive to this request. CRM determined that all 831 pages originated with or are of primary interest to EOUSA and referred the records to EOUSA for processing and direct response to Plaintiff. A copy of CRM's response letter is attached as Ex. 4.

21. On October 1, 2026, Plaintiff appealed this response, arguing that a comprehensive search would have resulted in more than 831 potentially responsive pages. A copy of Plaintiff's appeal is attached as Ex. 5.

22. On October 1, 2026, Plaintiff received an acknowledgement of the appeal, and it was assigned tracking number A-2027-00006. Plaintiff has not received a determination

responsive to this appeal.

*Exhaustion of Administrative Remedies*

23. As of the date of this Complaint, Defendants have failed to notify Plaintiff of determinations regarding the FOIA requests and appeals described herein. Through Defendant's failure to respond within the time limits required by law, Plaintiff has constructively exhausted administrative remedies on these requests.

## CLAIMS FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552, Failure to Issue Determinations and Promptly Produce Non-Exempt Records)

24. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

25. By failing to respond to Plaintiff's FOIA request 080420257064 and appeals A-2027-00005 and A-2027-00006 with determinations within the statutorily mandated time period, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to, the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

### Count 2 (Violation of FOIA, 5 U.S.C. § 552, Unlawful Withholding of Non-Exempt Information)

26. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

27. Defendant has violated its duties by withholding the names of defendants identified in the records responsive to EOUSA-2026-000998 pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6) and (b)(7)(C). The withheld names are not exempt from disclosure, and

Defendant has failed to demonstrate that the claimed exemptions justify withholding the defendant names.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendant to conduct adequate searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;
2. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;
3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;
4. Order Defendant to grant Plaintiff's fee waiver requests;
5. Award Plaintiff her costs, attorneys' fees, and other disbursements for this action; and
6. Grant any other relief this Court deems appropriate.

Dated: November 24, 2026

Respectfully submitted,

*/s/ Anisha N. Hindocha*
Anisha N. Hindocha
(Bar. No. 31995)
Daniel A. McGrath
(Bar No. 31501)
Robin F. Thurston
(Bar No. 31584)
Ronald A. Fein
(Bar No. 32456)
Democracy Forward Foundation

P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
rthurston@democracyforward.org
rfein@democracyforward.org

*Counsel for Plaintiff Molly Gaston*

# Exhibit 1

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

July 29, 2026

VIA PAL

J.P. Cooney
Gaston & Cooney PLLC; U.C. Berkeley School of Law
1455 Pennsylvania Ave., NW, Ste 400
Washington, DC 20004
jpcooney@gastoncooney.com

Re: Request Number EOUSA-2026-000998
Date of Receipt: December 17, 2025
Subject of Request: Official Corruption cases charged by USAOs 2015-2026

Dear Mr. Cooney:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

As such, enclosed is one native file with one tab for each year from 2015-2026. This file does not include defendant names, the omission of which is done pursuant to FOIA Exemptions b6 and b7C. Your request sought data for charged cases, which would then include not only individuals who were adjudged guilty, but also those found innocent, not guilty, and those who may have appealed their guilt.

This is the final action on this above-numbered request. If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of

Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530 or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; or toll free at 1-877-684-6448.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1) (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) information complied in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

# Exhibit 2

DEMOCRACY FORWARD

October 1, 2026

VIA Electronic Delivery

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, N.W., 6th Floor
Washington, DC 20530
Via Online Portal

**Re: Appeal of Response to Freedom of Information Act Request #EOUSA-2026-000998**

Dear FOIA Appeals Officer,

We write, on behalf of our client Molly Gaston to appeal the Department of Justice ("DOJ") Executive Office of U.S. Attorney's ("EOUSA") response to Ms. Gaston's attached FOIA request,[1] for EOUSA data concerning Official Corruption cases charged by U.S. Attorney's Offices from 2015 to 2026.

EOUSA has improperly withheld defendant names in publicly charged cases on the basis of personal privacy. Because this information is already public, and because there is a substantial public interest in disclosure of meaningful data reflecting DOJ's public corruption cases over the course of time, EOUSA's withholding cannot be sustained and must be reversed.

*Background*

Ms. Gaston's December 16, 2025 request sought:

> "data maintained by the Executive Office for United States Attorneys (EOUSA) regarding Official Corruption cases charged by U.S. Attorney's Offices (USAOs) from 2015 to present . . . including *the name of the defendants*, the statutes charged, the date of indictment or complaint, the investigating agency, and the case category (such as Official Corruption, Civil Rights, Violent Crime, etc.)."

Ex. 1 (emphasis added).

The request explained that the data was sought for research and educational purposes. *Id*.

On July 29, 2026, EOUSA responded to Ms. Gaston's request, producing an Excel file with

[1] This request was submitted jointly by Ms. Gaston and J.P. Cooney, and EOUSA's response mentioned only Mr. Cooney. Ms. Gaston was a co-requester and also signed the request.

some of the requested information. The produced record did not contain defendant names, and withheld that information under FOIA Exemption 6 and 7(C). Ex. 2. Specifically, the response stated:

> This file does not include defendant names, the omission of which is done pursuant to FOIA Exemptions b6 and b7C. Your request sought data for charged cases, which would then include not only individuals who were adjudged guilty, but also those found innocent, not guilty, and those who may have appealed their guilt.

Ex. 2.

*EOUSA's Withholding Under Exemptions 6 and 7(C) Is Improper*

*First*, defendants named in the requested records have little, if any, protectible privacy interest in their names being disclosed in *charged* matters. EOUSA's response itself recognizes that the requested records include individuals who were "adjudicated guilty," as well as those found innocent, not guilty, or who appealed their convictions. As EOUSA's response suggests, defendants who were convicted or pled guilty have a particularly weak privacy interest in disclosure of their names in connection with publicly charged offenses. *Citizens for Responsibility & Ethics in Washington v. DOJ,* 854 F.3d 675, 682-83 (D.C. Cir. 2017) (recognizing that the privacy interests of individuals convicted or who pled guilty are substantially weaker than those of individuals who were never publicly charged, and requiring particularized balancing rather than categorical withholding). Even for defendants who were not convicted or have not *yet* been convicted, disclosure of their names and the fact that they were charged were already publicly disclosed through the criminal proceedings themselves–no new information would be disclosed by including their names here. *See ACLU v. DOJ,* 750 F.3d 927, 932-33 (D.C. Cir. 2014) (explaining that privacy interests are diminished where any individual's involvement in alleged criminal activity is already a matter of public record, including through an indictment).

Plaintiff seeks EOUSA's aggregated data concerning Official Corruption cases charged by U.S. Attorneys, not a full criminal-history compilation about a private individual. The requested record is not focused on any one individual, and the names of individual defendants would be single data points among many. Disclosure of the names of defendants charged in the last decade–during the internet age–would not highlight some previously obscure criminal charge. Instead, disclosure would reveal information with *less* individual detail than can be found in DOJ press releases and public filings available on the federal court system's public access website. Thus, the names of the defendants provide context for records concerning the government's own prosecutorial activity; they are not sought as a means of obtaining otherwise private information about the individuals. Here, the underlying charges were public when brought, and disclosure of the names would not reveal that the individuals had been charged, allowing the public to connect already-public prosecutions to EOUSA's own data about how those prosecutions were

categorized and handled would not implicate any personal private information not already available. *See CREW*, 854 F.3d at 682-83 (explaining that prior public disclosures or admissions may diminish the privacy interests protected by Exemptions 6 and 7(C)).

*Second*, the diminished privacy interests of already publicly charged defendants is greatly outweighed by the substantial public interest in disclosure of the records sought here. The requested records would provide an important perspective on how U.S. Attorneys and the Department of Justice have exercised their prosecutorial authority in Official Corruption cases over time, a matter directly bearing on the performance of their statutory duties. To make the requested data meaningful, researchers and the public must be able to identify the specific cases that make up the data provided, through references to court filings. The public interest is not to learn additional information, beyond what is already public, about particular defendants; instead it is to understand the totality of the government's corruption charging and enforcement decisions over an extended period of time. *Id.* at 679 (recognizing a "weighty public interest" in learning how DOJ and the FBI carry out their statutory duties to investigate and prosecute criminal conduct). Nothing newly public would be disclosed about any individual, but disclosure of defendant names would advance the public interest in understanding DOJ's evolving efforts to address public corruption by allowing the public to assess the cases reflected in EOUSA's data and connect the agency's case classifications and other information to underlying public prosecutions. There is significant public interest in understanding the evolution of DOJ's official corruption cases in light of reporting on recent efforts to show down corruption investigations of public officials,[2] the dismantling of DOJ's official corruption units,[3] and clemency being sought and obtained by individuals who abused public authority.[4] Further, this information–with

---

[2] *See e.g.*, Perry Stein & Aaron C. Davis, *Trump officials shut down bribery probe of border czar Tom Homan,* Wash. Post (Sept. 21, 2025), https://www.washingtonpost.com/national-security/2025/09/21/trump-administration-bribery-probe-homan/; Katherine Faulders, *et al*, *DOJ ended probe of 'border czar' Tom Homan for allegedly accepting $50K in FBI sting: Sources,* ABC News (Sept. 21, 2025), https://abcnews.com/Politics/doj-ended-probe-border-czar-tom-homan-allegedly/story?id=125781386; William Turton, et al, *The FBI Anti-Corruption Squad Was Circling Susan Collins – Until Trump Got in the Way,* ProPublica (Sept. 22, 2026), https://www.propublica.org/article/fbi-susan-collins-navatek-campaign-donations-investigation; Glenn Trush, *et al*, *F.B.I. Shut Down Inquiry Into Top Ally of Senator Susan Collins,* N.Y. Times (updated Sept. 23, 2026), https://www.nytimes.com/2026/09/22/us/politics/fbi-susan-collins-donor.html.

[3] *See e.g.*, Ken Dilanian, *Firings, pardons and policy changes have gutted DOJ anti-corruption efforts, experts say,* NBC News (updated June 3, 2025), https://www.nbcnews.com/politics/justice-department/firings-pardons-policy-changes-gutted-doj-anti-corruption-efforts-expe-rcna200571; Sarah N. Lynch *et al*, *How Trump defanged the Justice Department's political corruption watchdogs,* Reuters (June 9, 2025), https://www.reuters.com/investigations/how-trump-defanged-justice-departments-political-corruption-watchdogs-2025-06-09/; Adam Goldman, *et al*, *F.B.I. Dismantles Elite Public Corruption Squad,* N.Y. Times (May 15, 2025), https://www.nytimes.com/2025/05/15/us/politics/fbi-public-corruption-squad-trump.html; Alanna Durkin Richer & Eric Tucker, *Justice Department is expected to slash public corruption unit, AP sources say,* Assoc. Press (Mar. 11, 2025), https://apnews.com/article/justice-department-public-corruption-unit-cuts-4123347b1ffe4a0f3c681e49a15ab4ca.

[4] *See e.g.*, Devlin Barrett & Zolan Kanno-Youngs, *Trump Pardons Henry Cuellar, Texas Lawmaker Awaiting Bribery Trial,* N.Y. Times (Dec. 3, 2025),

defendant names released –would allow researchers and experts on public corruption accountability to meaningfully analyze DOJ's data over time, including by analyzing forms of corruption and whether defendant characteristics affected the likelihood that DOJ would bring charges..

EOUSA's categorical withholding fails to account for these diminished privacy interests and the substantial public interest in the records. *Id.* at 682-83 (holding that publicly identified individuals with diminished privacy interests are not categorically exempt and that the agency must undertake a particularized balancing of the interests at stake). At a minimum, EOUSA must distinguish among the materially different circumstances reflected in its records rather than withholding every defendant name under Exemptions 6 and 7(C)--indeed the agency itself seems to acknowledge that convicted defendants names implicate no meaningful privacy interest. EOUSA should therefore release the produced records with the withheld defendant names, including at minimum the names of defendants who were convicted or pleaded guilty, and reassess any remaining withholdings in light of the public nature of the charges and the substantial public interest in the government's prosecutorial activity.

***

We ask for prompt reconsideration and production of the requested records and production of a version of the record with defendants' names and other case-specific information, such as the case number. We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Daniel McGrath*
Daniel McGrath
Special Counsel, Oversight
Democracy Forward Foundation
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

On behalf of Molly Gaston

---

https://www.nytimes.com/2025/12/03/us/politics/trump-pardons-henry-cuellar-texas-democrat.html; Garrett Haake *et al*, *Trump pardons former Puerto Rican Gov. Wanda Vázquez Garced*, NBC News (Jan. 16, 2026), https://www.nbcnews.com/politics/white-house/trump-pardons-former-puerto-rican-gov-wanda-vazquez-garced-rcna254457; NPR Staff, *Trump pardons disgraced former Illinois Gov. Rod Blagojevich,* NPR (updated Feb. 11, 2025), https://www.npr.org/2025/02/10/g-s1-47817/trump-pardon-rod-blagojevich-illinois-corruption; Danai Nesta Kupemba, *Trump pardons former sheriff convicted of bribery,* BBC (May 27, 2025), https://www.bbc.com/news/articles/cwynp1lw0l7o.

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

Suite 5.400, 3CON Building
175N Street, NE
Washington, DC 20530

(202) 252-6020

July 29, 2026

VIA PAL

J.P. Cooney
Gaston & Cooney PLLC; U.C. Berkeley School of Law
1455 Pennsylvania Ave., NW, Ste 400
Washington, DC 20004
jpcooney@gastoncooney.com

| | |
|---|---|
| Re: Request Number | EOUSA-2026-000998 |
| Date of Receipt: | December 17, 2025 |
| Subject of Request: | Official Corruption cases charged by USAOs 2015-2026 |

Dear Mr. Cooney:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

As such, enclosed is one native file with one tab for each year from 2015-2026. This file does not include defendant names, the omission of which is done pursuant to FOIA Exemptions b6 and b7C. Your request sought data for charged cases, which would then include not only individuals who were adjudged guilty, but also those found innocent, not guilty, and those who may have appealed their guilt.

This is the final action on this above-numbered request. If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of

Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530 or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP’s website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; or toll free at 1-877-684-6448.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1) (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) information complied in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

Gaston & Cooney PLLC

J.P. Cooney
Molly Gaston
*Partners*

December 16, 2025

**VIA EOUSA PORTAL**
Ms. Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States Attorneys
U.S. Department of Justice
175 N Street, N.E., Suite 5.400
Washington, DC 20530-0001

Dear Ms. Butler:

Re: FOIA request for data on Official Corruption cases charged by U.S. Attorney's Offices

We write in our capacities as senior fellows at the U.C. Berkeley School of Law's Edley Center on Law and Democracy to request production under the Freedom of Information Act of data maintained by the Executive Office for United States Attorneys (EOUSA) regarding Official Corruption cases charged by U.S. Attorney's Offices (USAOs) from 2015 to present, as elaborated below.

To help you locate and identify the records we seek, we provide on information and belief the following information. When USAOs charge cases, they are required to report data to EOUSA through a program called CaseView, including the name of the defendants, the statutes charged, the date of indictment or complaint, the investigating agency, and the case category (such as Official Corruption, Civil Rights, Violent Crime, etc.). CaseView tracks the cases from initiation to completion, through either reporting by USAOs or coordination with the U.S. Court's Electronic Case Filing system—or both. The data are synthesized into a database available to USAOs through an EOUSA dashboard. One of the dashboard's features is the ability to tabulate the data in an Excel spreadsheet.

We request that EOUSA produce electronic Excel spreadsheets tabulating data collected on all cases categorized as Official Corruption charged by USAOs from 2015 to present—the "Requested Agency Records." We request that the spreadsheets, which we understand can be generated automatically from the EOUSA dashboard, include all reported data, including but not limited to the jurisdiction, defendants, statutes charged, final disposition, sentence imposed, and

dates of initiation and closing. We also request that the spreadsheets include the subcategory of Official Corruption, such as Local/State, Federal, Law Enforcement, etc.

We request production of the Requested Agency Records in electronic format that can be searched and sorted electronically. We are prepared to accept them on a rolling basis. Because the Requested Agency Records will be used for research and educational purposes, we request a waiver of fees. If a waiver is denied and fees will exceed $50.00, please notify us.

Sincerely,

*/s/ J.P. Cooney & Molly Gaston*

J.P. Cooney
Molly Gaston

# Exhibit 3

DEMOCRACY
FORWARD

October 20, 2026

VIA Electronic Delivery

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, N.W., 6th Floor
Washington, DC 20530
Via Email

**Re: Follow-up to Appeal A-2027-00005 (Response to Freedom of Information Act Request #EOUSA-2026-000998)**

Dear FOIA Appeals Officer,

We write, on behalf of our client Molly Gaston to follow up on Ms. Gaston's appeal of the Executive Office of U.S. Attorney's (EOUSA) response to her Freedom of Information Act ("FOIA") request, and in further support of her appeal to provide additional information demonstrating the public interest in the requested information and the nature of the greatly diminished privacy interests implicated by its disclosure.

As explained in the appeal, Ms. Gaston seeks EOUSA's data concerning official corruption cases charged by U.S. Attorney's offices from 2015 through 2026. EOUSA produced a spreadsheet containing case-level information, including jurisdictions, charges, dispositions, and sentences, but withheld every defendant's name under FOIA Exemptions 6 and 7(C). Its response acknowledged that the dataset includes defendants who were convicted, acquitted, or otherwise found not guilty, as well as those who appealed their convictions, but did not distinguish among these different circumstances.

The additional information below reinforces why EOUSA should reconsider that categorical withholding. The requested names would connect the Department of Justice's ("DOJ") existing case-level data to the underlying prosecutions and public records, allowing researchers like Ms. Gaston and her colleagues and fellow corruption experts, to examine how DOJ has exercised its public corruption enforcement responsibilities over time. Meanwhile, DOJ's own public announcements and other readily available records demonstrate that the identities and prosecution histories – including acquittals – are already publicly documented. These circumstances, considered alongside the substantial public interest in understanding DOJ's enforcement decisions, weigh strongly in favor of disclosure.

I. The public interest in understanding DOJ's public corruption enforcement is substantial and particularly timely.

The requested records would allow researchers to examine how DOJ investigates, charges, categorizes, and resolves public corruption cases across districts and over time. That inquiry bears directly on DOJ's performance of its statutory responsibilities. *See* 28 U.S.C. §§ 529, 535, 547. Congress has specifically required the Attorney General to report annually on the activities of DOJ's Public Integrity Section ("PIN") and its efforts to investigate and prosecute public corruption. *Id*. §529. DOJ's own annual reports, in turn, provide nationwide information about public corruption enforcement, including trends over time and convictions by district.

Independent researchers have likewise used case-level data obtained from EOUSA under FOIA to study enforcement patterns. The Transactions Records Access Clearinghouse ("TRAC"), for example, has analyzed official corruption prosecutions using monthly and multiyear data. Its analysis has documented a long-term decline in public corruption prosecutions, reporting in 2021 that prosecutions had generally fallen since fiscal year 1998 and reached their lowest levels during the first Trump administration.[1]

These questions have taken on particular urgency amid reporting about changes to DOJ's public corruption enforcement. Former U.S. Attorney Geoffrey Bergman described pressure from senior DOJ officials to bring a prosecution against a Democrat before the 2018 midterm elections to "even things out" after bringing charges against a Republican, an allegation the official involved denied.[2] More recently, reporting has described substantial reductions in the PIN's staffing and authority, including changes to its role in reviewing proposed prosecutions of members of Congress.[3] Additional reporting in September and October 2026 described further reductions in the PIN's staffing and the closure of a Federal Bureau of Investigation squad focused on corruption.[4] These developments underscore the importance of examining DOJ's enforcement

---

[1] *See* TRAC, *Federal Prosecutions for Public Corruption* (May 2021), https://tracreports.org/whatsnew/email.210504.html; TRAC, *Official Corruption Prosecutions for June 2026* (Aug. 12, 2026), https://tracreports.org/tracreports/bulletins/corruption/monthlyjun26/fil/.

[2] Terry Gross, *How Trump's DOJ pressured the Southern District of NY to aid the White House,* NPR (Sept. 20, 2022), https://www.npr.org/2022/09/20/1124043768/how-trumps-doj-pressured-the-southern-district-of-ny-to-aid-the-white-house.

[3] Sarah Lynch, *et al*, How Trump defanged the Justice Department's political corruption watchdogs, Reuters (June 9, 2025), https://www.reuters.com/investigations/how-trump-defanged-justice-departments-political-corruption-watchdogs-2025-06-09/.

[4] William Turton *et al, The FBI Anti-Corruption Squad Was Circling Susan Collins — Until Trump Got in the Way*, ProPublica (Sept. 22, 2026), https://www.propublica.org/article/fbi-susan-collins-navatek-campaign-donations-investigation; Marisa Taylor, *et al, In Trump's pardons for public officials, Republicans win most of the mercy,* Reuters (updated Oct. 13, 2026), https://www.reuters.com/investigations/trumps-pardons-public-officials-republicans-win-most-mercy-2026-10-13/.

activity through its own records, rather than relying exclusively on aggregate statistics, public statements, or isolated accounts of individual cases.

The requested names are essential to that examination. Although EOUSA has disclosed the underlying case-level data, the withheld identifying information prevents researchers from reliably connecting individual entries to the prosecutions they describe. Disclosure would permit researchers to verify DOJ's entries against court records, and other public sources, assess how cases were categorized and resolved, and compare enforcement patterns across districts and years. It would also allow researchers to connect the data to independently collected information and reporting concerning public officials, the circumstances of particular prosecutions, and subsequent developments, such as clemency. The resulting analysis would illuminate DOJ's enforcement priorities and charging and disposition patterns.

II. DOJ's own public announcements demonstrate that the requested names often identify defendants and prosecutions that are already publicly documented.

The privacy analysis must account for what disclosure would actually reveal in the circumstances of these records. Ms. Gaston seeks defendant names as identifiers within an existing dataset of publicly charged official corruption cases, alongside information about jurisdictions, charges, investigating agencies, dispositions, and sentences. She is not seeking criminal histories of the named defendants; rather, the focus is on DOJ's enforcement activity across thousands of entries, not any singular defendant.

DOJ's own press releases illustrate the extent to which the underlying prosecutions and their outcomes are already publicly documented.[5] These records published by DOJ also include defendants who were acquitted.[6] These examples illustrate that DOJ itself has publicly identified (and continues to identify) defendants, announced charges and guilty pleas, and reported case outcomes, including acquittals. The requested names would enable researchers to connect these publicly documented proceedings to EOUSA's own data about how it classifies and handles the

---

[5] *See,* Dep't of Justice, *USAID Official and Three Corporate Executives Plead Guilty in Decade-Long Bribery Scheme* (June 12, 2025), https://www.justice.gov/opa/pr/usaid-official-and-three-corporate-executives-plead-guilty-decade-long-bribery-scheme, Dep't of Justice, *All 70 NYCHA Employees Charged In February 2024 Sweep Convicted Of Bribery, Fraud, Or Extortion Offenses,* U.S. Attorney's Office for the Southern District of New York (Nov. 25, 2025), https://www.justice.gov/usao-sdny/pr/all-70-nycha-employees-charged-february-2024-sweep-convicted-bribery-fraud-or;

[6] *See* Dep't of Justice, *Aberdeen Jail Corrections Officer Charged in Public Corruption Investigation,* U.S. Attorney's Office for the Western District of Washington (updated Mar. 14, 2018), https://www.justice.gov/usao-wdwa/pr/aberdeen-jail-corrections-officer-charged-public-corruption-investigation; Dep't of Justice, *Federal Grand Jury Indicts Texas State Senator Carlos Uresti,* U.S. Attorney's Office for the Western District of Texas (updated Mar. 11, 2019), https://www.justice.gov/usao-wdtx/pr/federal-grand-jury-indicts-texas-state-senator-carlos-uresti.

cases. That connection would add significant value for oversight of DOJ without necessarily revealing new information about the individuals involved.

***

For these reasons, we respectfully request prompt reconsideration and production of the requested records and production of a version of the record with defendants' names and other case-specific information, such as the case number. We appreciate your assistance and look forward to your prompt response.

Sincerely,

_/s/ Daniel McGrath_
Daniel McGrath
Special Counsel, Oversight
Democracy Forward Foundation
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

On behalf of Molly Gaston

# Exhibit 4

**U.S. Department of Justice**

Criminal Division

*Office of Enforcement Operations* *Washington, D.C. 20530*

**VIA Electronic Mail** August 13, 2026

Ms. Molly Gaston
Mr. J.P. Cooney
Gaston & Cooney, PLLC
Fourth Floor
1445 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
mollygaston@gastoncooney.com
jpcooney@gastoncooney.com

Request No. CRM-302390683

Dear Ms. Gaston and Mr. Cooney:

This serves as the first interim response to your Freedom of Information Act (FOIA) request dated December 16, 2025, for records concerning Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section by U.S. Attorney's Offices.

Please be advised that a search has been conducted in the appropriate section and we are continuing to review and process the potentially responsive records.

After carefully reviewing 831 pages of records responsive to your request, I have determined that the 831 pages originated with or are of primary interest to the Executive Office for United States Attorneys (EOUSA). In accordance with 28 C.F.R. § 16.4(d) (2020), this Office has referred that material to EOUSA for processing and direct response to you. You may contact EOUSA at the following address:

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States Attorneys
Department of Justice
175 N Street, N.E.
Suite 5.400
Washington, DC 20530-0001

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at (202) 616-0307 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Alison Epstein for

Mark Herrington
Acting Chief
FOIA/PA Unit

# Exhibit 5

DEMOCRACY FORWARD

October 1, 2026

VIA Electronic Delivery

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, N.W., 6th Floor
Washington, DC 20530
Via Online Portal

**Re: Appeal of Response to Freedom of Information Act Request #CRM-302390683**

Dear FOIA Appeals Officer,

We write, on behalf of our client Molly Gaston to appeal the Department of Justice ("DOJ") Criminal Division's ("CRM") response to Ms. Gaston's attached FOIA request,[1] for Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section ("PIN").

*Background*

Ms. Gaston's December 16, 2025 request sought:

> "All Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section by U.S. Attorney's Offices from 1978 to present."

Ex. 1.

On August 13, 2026, CRM responded to Ms. Gaston's request, stating a search had been conducted and after reviewing 831 pages, the Criminal Division had determined that the 831 pages originated with or are of primary interest to the Executive Office of U.S. Attorneys. The letter additionally states that the Criminal Division had referred the material to EOUSA for processing and direct response to Ms. Gaston.

Ex. 2

CRM's response raises substantial questions concerning the adequacy of its search for the annual public corruption questionnaires. As an initial matter, CRM's response contains no detail about the search it conducted and thus fails to provide an adequate administrative

---

[1] This request was submitted jointly by Ms. Gaston and J.P. Cooney, and EOUSA's response mentioned only Mr. Cooney. Ms. Gaston was a co-requester and also signed the request.

determination. Ms. Gaston is thus not able to fulsomely appeal CRM's response, particularly not having viewed the responsive records identified.

Those deficiencies notwithstanding, the available information indicates that CRM's search was not adequate. The division's own PIN reports establish that PIN has, for decades, collected nationwide public corruption data through questionnaires submitted by U.S. Attorneys. For example, one report explains that, "[e]ach year, the Public Integrity Section collects information from the United States Attorneys about the public corruption cases their Offices have handled," and that the report summarizes the results of the annual survey and earlier surveys.[2] Earlier PIN reports use substantially the same description, stating that each year PIN collected information from U.S. Attorneys and the resulting surveys supplied the data for tables showing the number, type, disposition, and geographic distribution of reported corruption cases.[3]

The existence and recurring nature of these questionnaires is further corroborated by independent research examining the PIN data. A 2016 study describes the PIN data as being "compiled from retrospective annual surveys of federal prosecutors" and reports that the authors submitted FOIA requests for copies of completed PIN surveys, ultimately receiving usable surveys from 14 federal districts for 2006.[4]

Against that documented history, CRM's identification of only 831 pages responsive to a request for *all* such questionnaires from 1978 to the present is difficult to reconcile with the scope and frequency of the records PIN itself says it collected. We therefore request that CRM conduct an additional search reasonably calculated to locate the complete universe of responsive questionnaires. We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Daniel McGrath*

Daniel McGrath
Special Counsel, Oversight
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
On behalf of Molly Gaston

---

[2] *See* U.S. Dep't of Justice, Public Integrity Section, *Report to Congress on the Activities and Operations of the Public Integrity Section* (1989), at 26, available at https://www.justice.gov/criminal/criminal-pin/file/1340661/dl?inline.

[3] *See e.g.,* U.S. Dep't of Justice, Public Integrity Section, Report to Congress on the Activities and Operations of the Public Integrity Section (1981), at 15, available at https://www.justice.gov/criminal/criminal-pin/file/1340511/dl?inline; U.S. Dep't of Justice, Public Integrity Section, Report to Congress on the Activities and Operations of the Public Integrity Section (1983), at 31, available at https://www.justice.gov/criminal/criminal-pin/file/1340611/dl?inline.

[4] Adriana S. Cordis & Jeffrey Milyo, *Measuring Public Corruption in the United States: Evidence From Administrative Records of Federal Prosecutions*, 18 Public Integrity 127, 133–34 (2016), available at https://www.researchgate.net/publication/289555988_Measuring_Public_Corruption_in_the_United_States_Evidence_From_Administrative_Records_of_Federal_Prosecutions.

**U.S. Department of Justice**

Criminal Division

*Office of Enforcement Operations* *Washington, D.C. 20530*

**VIA Electronic Mail** August 13, 2026

Ms. Molly Gaston
Mr. J.P. Cooney
Gaston & Cooney, PLLC
Fourth Floor
1445 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
mollygaston@gastoncooney.com
jpcooney@gastoncooney.com

Request No. CRM-302390683

Dear Ms. Gaston and Mr. Cooney:

This serves as the first interim response to your Freedom of Information Act (FOIA) request dated December 16, 2025, for records concerning Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section by U.S. Attorney's Offices.

Please be advised that a search has been conducted in the appropriate section and we are continuing to review and process the potentially responsive records.

After carefully reviewing 831 pages of records responsive to your request, I have determined that the 831 pages originated with or are of primary interest to the Executive Office for United States Attorneys (EOUSA). In accordance with 28 C.F.R. § 16.4(d) (2020), this Office has referred that material to EOUSA for processing and direct response to you. You may contact EOUSA at the following address:

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States Attorneys
Department of Justice
175 N Street, N.E.
Suite 5.400
Washington, DC 20530-0001

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at (202) 616-0307 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Mark Herrington
Acting Chief
FOIA/PA Unit

Gaston & Cooney PLLC

J.P. Cooney
Molly Gaston
*Partners*

December 16, 2025

**VIA EMAIL**
Ms. Christina Butler
Chief, FOIA/PA Unit
Criminal Division
U.S. Department of Justice
950 Constitution Ave NW
Washington, DC 20530-0001
Email: crm.foia@usdoj.gov

Dear Ms. Butler:

Re: FOIA request for Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section by U.S. Attorney's Offices.

We write in our capacities as senior fellows at the U.C. Berkeley School of Law's Edley Center on Law and Democracy to request production under the Freedom of Information Act of all Annual Public Corruption Questionnaires submitted to the Criminal Division's Public Integrity Section by U.S. Attorney's Offices from 1978 to present (the "Requested Agency Records"). We request that you prioritize production of records from the last ten years, 2015 to present.

To help you locate and identify the Requested Agency Records, we provide under information and belief the following information. The Requested Agency Records are maintained by the U.S. Department of Justice Criminal Division's Public Integrity Section (PIN). Under the Ethics in Government Act, since 1978 PIN has submitted an annual "Report to Congress on the Activities and Operations of the Public Integrity Section," which reports nationwide statistics on federal public corruption prosecutions and other information. Copies of the annual reports are publicly available through 2023 at https://www.justice.gov/criminal/criminal-pin/annual-reports. To prepare the annual report, including to assemble the nationwide statistics, PIN collects each year from the U.S. Attorney's Offices a Public Corruption Questionnaire, on which offices report to PIN information about their public corruption prosecutions. That information consists of case captions, statutes prosecuted, categories of corruption (i.e., state, local, federal, military, etc.), and other information, and is summarized in PIN's annual report to Congress. For more than a decade, PIN has collected the questionnaires from U.S. Attorney's Office by email and stores them electronically on a network drive; the email is typically directed from PIN to U.S. Attorney's Office Criminal Chiefs and/or Public Corruption Chiefs. We seek copies of the completed

questionnaires returned to PIN—the Requested Agency Records—from 1978 to present, with a priority placed on obtaining records from the past decade, 2015 to present.

We request production of the Requested Agency Records in electronic format and are prepared to accept them on a rolling basis; in particular, we request prioritizing the production of records from the past ten years, 2015 to present. Because the Requested Agency Records will be used for research and educational purposes, we request a waiver of fees. If a waiver is denied and fees will exceed $50.00, please notify us.

Sincerely,

*/s/ J.P. Cooney and Molly Gaston*

J.P. Cooney
Molly Gaston